*Court of Common Pleas, Dauphin County, December 31st, 1864.*

## ZEARING'S EXECUTORS *v.* ROUCH ET UX.

A bill of discovery will lie against the plaintiff in an action at law arising *ex contractu* by the defendant in order to obtain testimony to aid in his defence.

BY THE COURT.—Rouch and wife, the respondents to this bill, sued the complainants on the law side of this court, on a bond of $1500, purporting to be signed by complainant's testator, and which they aver in their bill of discovery is unjust, and ought not to be paid for several reasons, among which they state in substance: First. That Jacob Zearing never signed the writing. Second. If he did, that he was of unsound mind at the time. Third. That no consideration was paid, and the alleged obligor, being weak in mind and enfeebled by sickness, was overreached and imposed on by the respondents. They aver that a discovery of all the facts connected with the instrument sued on, the manner of obtaining it from their testator, if he gave it, and his mental situation at the time, are important and necessary for their defence in the suit at law ; and therefore ask that they shall all be discovered and divulged by the respondents. To this bill there is a general demurrer on the ground that no such proceeding is allowed by the laws of Pennsylvania, but that a party sued is obliged to make out his defence by evidence. If such is the case, our equity system is very imperfect, and one of its most important features wanting,—the power to compel a discovery in aid of a trial or defence at law. Whenever the party by his bill shows that a discovery is necessary in aid of a suit pending arising *ex contractu*, either by way of claim or defence, he is entitled to have it, and it is not necessary to aver that there is no other method of proving the fact; it is sufficient to show that the answer or confession may be used in aid of other evidence, or render its introduction unnecessary. For the general doctrine on this subject, Br. Eq. Jur., title Discovery, may be consulted to advantage, where the matter is fully explained. Also Hare on Discovery, Wigram on Discovery, Story's Eq. Pl., and, in short, almost every writer on equity jurisprudence.

That the answer may be used in a claim or defence at law is decided in several of our reported cases in Pennsylvania, especially in Parsons's Reports and in Troubat & Haly's Practice. The acts of Assembly give to this court all of the equity powers conferred on those of Philadelphia and other counties of the State. The demurrer is not well taken, but the defendants in the bill must put in a full answer thereto. We do not perceive that any part or portion thereof is objectionable; and if such is the case, excep-

[The matter of a Mandamus against the School Directors of Jefferson Township.]
tion should be taken to the particular part, and a general demurrer cannot be sustained.

*Kunkel and Alricks, for plaintiff.*

*Mumma, for defendant.*